United States District Court
Southern District of Texas
**ENTERED**
June 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOAN COLLUM, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-24-1147 |
| KELBY SHEPPARD, | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND OPINION**

Joan Collum slipped and fell on a puddle of water while shopping at a Kroger store in Houston, Texas. Collum sued the manager on duty when Collum fell, Kelby Sheppard. Both Collum and Sheppard are Texas citizens. Sheppard removed the case to federal court based on diversity jurisdiction. Collum moves to remand. The motion is granted, for the reasons set out below.

**I.    Background**

In July 2023, Collum slipped and fell on a puddle of water while shopping at a Kroger store. (Docket Entry No. 1-1 at 2). Kelby Sheppard was the manager on duty at the time. (Docket Entry No. 5-3 at 1). Sheppard's duties included monitoring the floors to ensure that spills that are seen or reported are cleaned. Sheppard was also charged with investigating incidents at the store. (Docket Entry No. 5-1 at 1). Collum alleges that the puddle of water was caused by ice draining from a cart as part of a project overseen by Sheppard. (Docket Entry No. 1-1 at 2). Sheppard denies that there was a project to drain ice from a cart and denies that she oversaw such a project. (Docket Entry No. 5-1 at 2).

Collum alleges that Sheppard was independently liable for failing to supervise the work that resulted in the water draining onto the floor, failing to ensure that customers were kept away from the water puddle resulting from the draining, and failing to warn customers of the hazard. (Docket Entry No. 3 at 2). Collum seeks over $1,000,000 in damages. (Docket Entry No. 1 at 3).

In March 2024, Sheppard removed this case to federal court, alleging he was improperly joined as a defendant and that complete diversity is thus satisfied. (*Id.* at 4–8). Sheppard claims that Collum sued only him, without joining Kroger, an Ohio company, in order to defeat diversity jurisdiction. (*Id.* at 3). In April 2024, Collum moved for remand, asserting that no diversity exists between the parties. (Docket Entry No. 3 at 4–6). Sheppard failed to timely respond, but has moved for leave to file his response out of time. (Docket Entry No. 5). Sheppard's motion for leave to file his response is granted. Based on the pleadings, motion, response, and applicable law, Collum's motion to remand is granted. (Docket Entry No. 3). The reasons are set out below.

## II.     The Legal Standards

### A.     Diversity of Citizenship

When removal to federal court is predicated on diversity jurisdiction, two requirements must be met. 28 U.S.C. § 1332. First, the amount-in-controversy must exceed $75,000. *Id.* Second, there must be complete diversity between all plaintiffs and all defendants so that the citizenship of all persons on one side of the controversy differ from that of all persons on the other side. *Id.* To meet this requirement, a court determines if complete diversity existed both at the time the action was filed in the state court and at the time the case was removed to federal court. *Ashford v.*

*Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386–87 (5th Cir. 2018); *see also Stevens v. Nichols*, 130 U.S. 230, 231–32 (1889); WRIGHT & MILLER, FED. PRAC. & PROC. § 3723 & n.16 (4th ed.).

### B.  Improper Joinder

The court may disregard the citizenship of a nondiverse party who has been improperly joined to defeat federal diversity jurisdiction. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). An improper joinder case typically entails a plaintiff suing both a diverse defendant and a nominal, nondiverse defendant, with the aim of staying in state court. *Id.* In *Salazar*, however, a single defendant claimed improper joinder on the assertion that a non-joined, diverse party was the proper party. *Id.* The Fifth Circuit declined to join a diverse party who had not been sued and to disregard the citizenship of the nondiverse party to establish federal jurisdiction. *Id.* at 575. A court cannot "first join a diverse foreign defendant and then perfect jurisdiction by dismissing the problematic nondiverse/in-state defendant." *Id.*

## III.  Analysis

### A.  Diversity of Citizenship

Sheppard's removal to federal court was improper because the parties were not diverse and the action could not originally have been brought in federal court. 28 U.S.C. § 1332. This court cannot exercise diversity jurisdiction unless complete diversity existed both at the time the action was filed in the state court and at the time the case was removed to federal court. *Ashford*, 907 F.3d at 386. Sheppard is and has been the only defendant. (Docket Entry No. 1). Collum is and has been the only plaintiff. (*Id.*). At the time of filing in state court and at the time of removal, both Sheppard and Collum were Texas citizens. (*Id.* at 3–4). Because both parties are citizens of the

same state, there is no diversity between them. 28 U.S.C. § 1332. The court lacks subject matter jurisdiction.

**B.   Single Defendant "Joinder"**

While the court may disregard the citizenship of a nondiverse party who has been improperly joined merely to defeat diversity, Sheppard is asking the court to do more. This case is unlike the typical improper joinder case, in which a plaintiff sues both a diverse defendant and a nominal, nondiverse defendant, with the aim of staying in state court. *Id.* at 574. Here, as in *Salazar*, the plaintiff sued a single nondiverse defendant who claimed improper joinder and removed on the basis that there was a non-joined, diverse party—here, Kroger—that was the proper defendant. *Id.* at 575.  As in *Salazar*, Sheppard asks the court to add a diverse defendant (here, Kroger) and substitute this diverse defendant who was not earlier sued for the nondiverse defendant who was sued, to establish diversity. The Fifth Circuit has held that the court cannot "first join a diverse foreign defendant and then perfect jurisdiction by dismissing the problematic nondiverse/in-state defendant." *Id.* at 574. Sheppard's citizenship cannot be disregarded, and the suit remains between two non-diverse parties.

**IV.   Conclusion**

Both Sheppard's motion for leave to respond and Collum's motion to remand are granted. (Docket Entry Nos. 3, 5).  This case is remanded to the 157th Judicial District Court of Harris County, Texas.

SIGNED on June 7, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge